UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DARIO LAREDO,

                      Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION, DON PETERSON, BORIS ROGOFF, AND ANTHONY LOWERY,

                      Defendants.

**MEMORANDUM AND ORDER**

19-cv-4480 (LDH) (TAM)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Dario Laredo ("Plaintiff"), proceeding pro se, brings the instant action against JetBlue Airways Corporation ("JetBlue"), Don Peterson, Boris Rogoff, and Anthony Lowery (collectively the "Individual Defendants"), asserting claims of employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Defendant JetBlue moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[1]

Plaintiff was hired by JetBlue on August 4, 2004 as a Material Specialist. (Pl.'s Opp'n to Def. Mot. to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 27.) In May 2006, Plaintiff became a Maintenance Planner before being promoted to a Maintenance Planner Supervisor in November

---

[1] The following facts are taken from the complaint (ECF No. 1), Plaintiff's response to Defendant JetBlue's pre-motion letter requesting a conference for its anticipated motion to dismiss (ECF No. 25), Plaintiff's second letter elaborating on his age discrimination claim (ECF No. 26) and Plaintiff's opposition to JetBlue's motion to dismiss (ECF No. 27). While Plaintiff's letters and new facts alleged in Plaintiff's opposition are outside the four corners of the complaint, the Court will still consider these submissions to clarify the Plaintiff's one-sentence allegation in his complaint. In addition, these documents are assumed to be true for purposes of deciding the instant motion. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion."). Citations to the complaint and Plaintiff's additional submissions refer to the pagination assigned by the Court's ECF system.

2015.  (*Id*.)  The Individual Defendants are all employees of JetBlue.  (Compl. at 2–3, ECF No. 1.)  According to Plaintiff, he had "[e]xcellent job performance[]" and "no prior disciplinary actions" prior to this case.  (Pl.'s Opp'n at 1.)  While Plaintiff was employed at JetBlue, Boris Rogoff was his manager, and Plaintiff worked with two other supervisors, Sampson Okaine and Richard Anderson.  (*Id* 1–2.)  Okaine and Anderson were each in their thirties.  (*Id*. at 2.)  Plaintiff claims that Rogoff told the supervisors that "as long as the desk is covered tardiness [was] acceptable," and that the supervisors could "work ou[t] schedules accordingly amongst [them]selves."  (*Id*.; Pl.'s Second Ltr. at 1, ECF No. 26.)

Plaintiff alleges that despite this policy, on an unspecified date he was suspended.  (Pl.'s Second Ltr. at 1.)  The complaint and Plaintiff's other filings do not make clear what the basis was for his suspension.  While suspended, Plaintiff asked JetBlue's Human Resources department to review Okaine and Anderson's departure and arrival times because they too had a history of tardiness.  (*Id*.; Pl.'s Opp'n to Def.'s PMC Request ("Def.'s PMC Request") at 1, ECF No. 25.)  JetBlue's Human Resources department never looked into Plaintiff's request.  (Pl.'s Opp'n to Def.'s PMC Request, at 1.)  JetBlue terminated Plaintiff on January 30, 2018 for tardiness.  (Compl. at 5; Pl.'s Opp'n to Def.'s PMC Request at 1; Pl.'s Second Ltr. at 1.)  Plaintiff had turned 40 years old approximately two months prior, on November 21, 2017.  (Compl. at 5.)

Plaintiff alleges that tardiness is a pretextual reason for his termination and that he was actually terminated because of his age.  (*Id*. at 6.)  Plaintiff alleges that Okaine and Anderson were late to work just as he was, but they were not terminated.  (Pl.'s Second Ltr. at 2.)  Plaintiff's replacement, Gwenfil Gudge, is in his twenties, and also had a history of tardiness but was not terminated.  (Pl's. Opp'n Ltr. to Def.'s PMC Request at 1; Pl.'s Second Ltr. at 1–2.)

Finally, another maintenance planning supervisor in her twenties threatened violence towards Okaine in January 2018 but "no disciplinary actions were taken [against her]." (Pl's. Opp'n at 2.)[2]

## STANDARD OF REVIEW

To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. Although this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).) This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have

---

[2] This allegation is irrelevant. There is no nexus between this allegation and Plaintiff's tardiness allegations that occurred during his employment at JetBlue.

been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The ADEA prohibits employers from discriminating against employees on account of age. It provides, in relevant part:

> "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

29 U.S.C. § 623. A prima facie case of age discrimination "'requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination.'" *Boonmalert v. City of New York*, 721 F. App'x 29, 32 (2d. Cir. 2018) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).) However, at the motion to dismiss stage, a plaintiff need not specifically plead every element of a prima facie case. *Alleyne v. NAACP Legal Defense and Edu. Fund, Inc.*, No. 14-cv-6675, 2015 WL 6869731, at *2 (E.D.N.Y. Nov. 6, 2015) (citation omitted) (collecting cases). In fact, all that a plaintiff must plausibly allege to survive a motion to dismiss is that "he would not have been terminated but for his age." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021).

4

JetBlue does not challenge that Plaintiff sufficiently pleaded an adverse employment action. Indeed, Plaintiff pleads that he was terminated by JetBlue—a quintessential adverse employment action. (Pl.'s Second Ltr., at 1–2.) JetBlue maintains, however, that Plaintiff has failed to plausibly support the inference that his age was the "but for" cause of his termination. (Def.'s Mem. at 6, ECF No. 28-1.) The Court agrees, but only in part.

To meet the standard necessary to survive a motion to dismiss, a plaintiff is required to plead only enough facts that might plausibly support a "minimal inference of the requisite discriminatory causality." *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. App'x 29, 32 (2d Cir. 2016) (summary order) (internal quotation marks omitted). This can be achieved where the plaintiff alleges that a defendant made discriminatory remarks, or otherwise demonstrates discriminatory animus. *See Rosario v. Hilton Worldwide, Inc.*, No. 09-CV-5536, 2011 WL 336394, at *3 (E.D.N.Y. Jan. 24, 2011) (stating in an ADEA case that "remarks or actions made by decisionmakers that could be viewed as reflecting a discriminatory animus" or "preferential treatment given to employees outside the protected class" help support an inference of discrimination). Plaintiff's complaint, however, is devoid of any such allegations. (Compl. at 5–7.)

Plaintiff attempts to satisfy his burden with respect to causality by directing the Court to Okaine and Anderson, two other "supervisors," each of whom are allegedly in their "thirties," and who Plaintiff maintains were not terminated despite engaging in the same conduct – that is, repeated tardiness. To be useful to the Court's analysis, these supervisors—the comparators—must be substantially similar to Plaintiff in every material respect. *See Mandell v. Cnty. Of Suffolk & John Gallagher*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)) (finding that when a plaintiff relies on evidence of

5

disparate treatment, he must show he was "similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself]"); *see also Palmer v. Shchegol*, 406 F. Supp. 3d 224, 232 (E.D.N.Y. 2016) (same).  Although Plaintiff alleges that Okaine and Anderson were also supervisors, that the three "all work[ed] together," and that Sampson Okaine was his "counterpart," he offers nothing more.  (Pl.'s Second Ltr. at 1; Pl.'s Opp'n at 1.)  And, it cannot go without mention that Plaintiff had reached the age of 40 just two months prior to his termination.  No allegation in the complaint plausibly suggests that JetBlue or Plaintiff's manager were even aware of the age difference between Plaintiff and the other supervisors.  Against these facts, the Court is not altogether convinced that Plaintiff has sufficiently pleaded an inference of discriminatory causality.[3]

A review of the allegations concerning Plaintiff's replacement, Gwenfil Gudge, results in a different conclusion.  *Gorzynski v. JetBlue Airways Corp.* is instructive.  596 F.3d 93 (2d Cir. 2010).  In *Gorzynski*, the Second Circuit vacated and remanded for further proceedings a district court's grant of summary judgment with respect to an ADEA claim where the Plaintiff alleged only that she was over forty years old, was qualified for her position, was fired and then replaced by a woman in her twenties.  *See id.* at 107.  Ultimately, the court determined that Plaintiff had indeed established a prima facie case of age discrimination.  *Id.*  In so finding, the

---

[3] The question of whether the Defendant's conduct was a pretext for alleged discriminatory conduct is certainly not without a place in the Court's consideration of ADEA claims.  Under the *McDonnell Douglas* burden shifting analysis developed in the Title VII context and applied in the ADEA context, the plaintiff bears the initial burden of establishing a prima facie case of age discrimination, by showing "(1) that []he was within the protected age group, (2) that []he was qualified for the position, (3) that []he experienced [an] adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination."  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 n.3. (2d Cir. 2021) (quoting *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (internal quotation marks omitted).)  Once a prima facie case is established, the defendant must produce evidence of a legitimate, non-discriminatory reason for the adverse action, and the plaintiff may in turn "rebut this by showing that 'the employer's determination was in fact the result of [age] discrimination.'"  *Id.*  However, this analysis is not appropriate on a motion to dismiss.  *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. App'x 29, 32 n.2 (2d Cir. 2016) (summary order) (finding that the *McDonnell Douglas* standard is not relevant at the motion to dismiss stage).

court noted that the burden a plaintiff must meet at the summary judgment stage "is not a heavy one" and that these facts were sufficient for plaintiff to plead a prima facie case. *Id.*; *see also Schnabel v. Abramson*, 232 F.3d 83, (2d Cir. 2000) (holding that plaintiff "put forth the minimal proof necessary to establish a prima facie case of age discrimination" by pleading that he was over sixty years old, was qualified for his position based on his extensive experience, was discharged, and was replaced by a 31-year-old employee, which "[was] sufficient to give rise to the inference that he was the victim of discrimination").

      Here, Plaintiff pleads facts virtually indistinguishable from those pleaded in *Gorzynki*. Plaintiff alleges (1) he was born on November 21, 1977, making him forty years old prior to the time he was terminated; (2) that he was qualified for his position because he had worked at JetBlue since 2004 and had "[e]xcellent job performance[] with no prior disciplinary actions prior to [this] case"; (3) that he was terminated; and 4) that his replacement, Gudge, "is in his twenties." (Compl. at 2, 6; Pl.'s Opp'n at 1.) The only material difference between the two cases is their respective postures. In *Gorzynski* the case was decided on a motion for summary judgment. Here, the Court is deciding a motion to dismiss, where the standard is markedly lower. Therefore, Plaintiff has sufficiently pleaded a claim for age discrimination against JetBlue.[4]

---

[4] Plaintiff also brings a claim for age discrimination under the NYSHRL. The legal standard for age discrimination under the NYSHRL is "considered to be identical to those under the ADEA." *Marcus*, 661 Fed. App'x at 33. Therefore, Plaintiff's claim survives for the same reasons his ADEA claim survives.

## CONCLUSION[5]

For the foregoing reasons, Defendant JetBlue's motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      March 28, 2023  LASHANN DEARCY HALL
                               United States District Judge

---

[5] Under Federal Rule of Civil Procedure, Rule 4(m), if a defendant is "not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). After receiving multiple extensions from the Court to serve the Individual Defendants, Plaintiff failed to do so. Even if Plaintiff properly served the Individual Defendants, his claims against them are dismissed because it is "well-established that the ADEA . . . do[es] not create individual liability". *Palmer v. Shchegol*, 406 F. Supp. 3d 224, 233–34 (quoting *Guerra v. Jones*, 421 Fed. App'x 15, 17 (2d Cir. 2011)) ("dismissal of the . . . ADEA claim[] against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability.") Therefore, the claims against the Individual Defendants cannot stand.

8